ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| KRISTIAN O. REYES CUADRADO<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>ALISON ANDINO VELÁZQUEZ<br><br>Parte Peticionaria | TA2026CE00005 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: SJ2020RF00942<br><br>Sala: 705<br><br>Sobre: Relaciones paterno filiales - Custodia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de enero de 2026.

Compareció ante este Tribunal la parte peticionaria, la Sra. Alison Andino Velázquez (en adelante, la "señora Andino Velázquez" o "Peticionaria"), mediante recurso de *Certiorari* presentado el 5 de enero de 2026. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"), el 2 de diciembre de 2025. Mediante el aludido dictamen, el foro recurrido ordenó el traslado de la menor conforme a lo solicitado por el padre, en esta ocasión, para así cumplir con las relaciones paternofiliales.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por falta de jurisdicción.

### I.

A continuación, exponemos los hechos pertinentes a la controversia que nos atañe.

El 21 de mayo de 2025, la señora Andino Velázquez solicitó autorización del foro primario para trasladarse junto al menor SARA al estado de Carolina del Norte, fundamentada en que su esposo es militar y

sería relocalizado a dicho estado. En dicha comparecencia detalló aspectos relacionados con la educación y relación con otros familiares. Igualmente, detalló que no tenía objeción a que el menor tuviera las relaciones filiales con su padre por treinta (30) días durante el verano y diez (10) días en el mes de diciembre, en años alternos.

Conforme a lo ordenado por el TPI, el 15 de junio de 2025, el padre del menor, Sr. Kristian O. Reyes Cuadrado (en adelante, "señor Reyes Cuadrado" o "Recurrido"), sometió una "**Moción en Cumplimiento de Orden Notificando Posición sobre Traslado de Menor**" en la que propuso un plan de relaciones paternofiliales durante el periodo de navidades y verano. Entre otras cosas, expuso que la menor se relacionase en Puerto Rico las navidades, de manera alterna, y cuarenta (40) días durante el verano. Siendo así, los padres debían asumir el cincuenta por ciento (50%) del costo de transportación aérea. Además, previa coordinación con la madre, el señor Reyes Cuadrado podría visitar en cualquier momento a la menor.

Por su parte, el 20 de julio de 2025, la Peticionaria presentó una "**Moción Solicitando se Dicte Resolución con los Cambios Propuestos por la Parte Demandada**". Expresó que le había comunicado a la representación legal del Recurrido unos ajustes a lo propuesto por el padre en torno a las relaciones paternofiliales. Específicamente, detalló que propuso que las visitas durante el verano fueran por un periodo de treinta (30) días. Además, sobre las visitas al menor en el estado, requirió que el señor Reyes Cuadrado notificara su visita con treinta (30) días de anticipación para poder tramitar el permiso de acceso, puesto que residían en una base militar. Sin embargo, hizo constar que no había recibido comunicación alguna por parte del Recurrido sobre los cambios sugeridos y le solicitó al TPI que dictara resolución aprobando el traslado del menor.

El 6 de agosto de 2025, el Recurrido presentó moción mediante la cual informó que estaba de acuerdo con las modificaciones propuestas por la señora Andino Velázquez y, por tanto, se allanó a la solicitud de traslado. A pesar de que el señor Reyes Cuadrado aceptó los cambios establecidos,

el 11 de agosto de 2025 se celebró una vista para discutir los asuntos relacionados a la petición del traslado. De la *Minuta Resolución* de la aludida vista se recogieron las estipulaciones de las partes. En lo pertinente, se determinó que el menor compartirá el periodo navideño en Puerto Rico, de manera alterna, y 30 días durante la época de verano. Sobre las relaciones filiales durante el verano, se estableció que sería de manera alterna según se detalla a continuación: 1 al 30 de junio de 2026 con el padre y para el año 2027, el menor estará con el padre del 1 al 31 de julio. En cuanto a los gastos de transporte aéreo, resolvió que el padre pagaría el vuelo de Estados Unidos hacia Puerto Rico y la madre pagará el vuelo de regreso a Carolina del Norte.

Así las cosas, el 25 de noviembre de 2025, el señor Reyes Cuadrado presentó una "**Urgente Moción en Solicitud de Orden sobre Relaciones Paternofiliales en Periodo Navideño**". Expuso que sostuvo comunicaciones con la madre, en las cuales ésta se opuso a las fechas y aerolíneas propuestas por el Recurrido. Solicitó al TPI que emitiera una orden inmediata donde autorizara a la menor a viajar en el periodo del 20 de diciembre de 2025 hasta el 2 de enero de 2026, mediante una aerolínea que fuera de elección para el padre y económicamente viable para este.

Conforme a su petitorio, el 2 de diciembre de 2025, el foro de instancia emitió una *Orden,* la cual se transcribe a continuación: "Tiene razón el padre. Que en esta primera ocasión sea su preferencia es justo, ya que se concedió el traslado a gusto de la madre. Como se pide y madre proceda a cumplir con las preferencias del padre en esta ocasión".

En esta misma fecha, la señora Andino Velázquez presentó una "**Moción Solicitando Reconsideración Notificada hoy 2 de diciembre de 2025**". Mediante este documento explicó sobre los intentos de comunicación con el Recurrido. Específicamente, detalló que este tuvo conocimiento de su intención de viajar junto a la menor con un mes de anticipación. Sin embargo, el señor Reyes Cuadrado insiste en comprar el pasaje para la fecha del 23 de diciembre de 2025, en un aeropuerto que resultaba a cinco (5) horas de su residencia.

La Peticionaria expuso su disposición para que el menor viaje en su compañía debido a su condición de ADHD y confianza con los extraños. Señaló que, aunque el Recurrido no le envía el dinero para adquirir el boleto, este tampoco ha completado la compra necesaria para que el menor pudiera viajar en su compañía. Indicó que, según la política de la aerolínea escogida por el señor Reyes Cuadrado, no se permite que los menores de quince (15) años viajen sin un acompañante en la misma reserva de vuelo. Más aún, no estuvo disponible para coordinar que éste comprara los pasajes y así garantizar que las sillas se encontraran juntas.

Sostuvo que el foro primario resolvió esta controversia sin poseer toda la información que propendiera al mejor bienestar del menor. Así pues, solicitó que se ordenara a que el menor viajara en su compañía el 17 de diciembre de 2025, el reembolso del pasaje del menor y que se disponga que la Peticionaria entregará al menor el 20 de diciembre de 2025 para cumplir con las relaciones paternofiliales, conforme al petitorio del Recurrido. Finalmente, solicitó que, para cualquier viaje futuro se tome en consideración la edad, condición, capacidad de la menor y quien la acompañará, así como un aeropuerto que se encontrara a una distancia razonable.

Al siguiente día, el señor Reyes Cuadrado presentó una "**Réplica**" en la cual hizo constar que, por error, el correo electrónico sobre las conversaciones de la Peticionaria se recibió en el *spam*. No obstante, indicó que las partes se encontraban en comunicaciones.

El 5 de diciembre de 2025, el TPI declaró "No Ha Lugar" la solicitud de reconsideración. Expuso el foro *a quo* que de los anejos se desprendía que el padre tenía razón y que la Peticionaria podía acompañarlo, si así lo deseaba. Inconforme, la señora Andino Velázquez acudió ante este foro mediante el recurso que nos ocupa y le imputó la comisión de los siguientes errores:

### PRIMER SEÑALAMIENTO DE ERROR
Erró el Tribunal de Primera Instancia al resolver una controversia que afecta directamente las relaciones paterno-filiales y el bienestar de una menor de once (11) años sin ordenar que la parte peticionaria fuera escuchada ni celebrar vista alguna, en violación al debido proceso de ley.

### SEGUNDO SEÑALAMIENTO DE ERROR

Erró el Tribunal de Primera Instancia al resolver con un récord fáctico incompleto, al no indagar ni tomar en consideración circunstancias esenciales relacionadas con la menor incluyendo su edad, su diagnóstico de Trastorno por Déficit de Atención e Hiperactividad ("ADHD"), su incapacidad para viajar sola, la razonabilidad del aeropuerto seleccionado así como el peso físico, emocional y logístico impuesto, incumpliendo así su deber como *parens patria*.

### TERCER SEÑALAMIENTO DE ERROR

Erró el Tribunal de Primera Instancia al incurrir en abuso de discreción y apariencia de parcialidad, al privilegiar la preferencia unilateral del padre así como consideraciones económicas por encima del mejor bienestar del menor, reiterando sin análisis que "el padre tiene razón" y denegando la reconsideración sin atender los planteamientos sustantivos ni la evidencia presentada.

El 13 de enero de 2026, emitimos una *Resolución* en donde le otorgamos un término al Recurrido para presentar su alegato en oposición.

Ha transcurrido en exceso del plazo concedido, sin que el señor Reyes Cuadrado se expresara o solicitara prórroga para comparecer. En vista de lo anterior, procedemos sin el beneficio de su comparecencia.

**II.**

La doctrina de academicidad constituye una de las manifestaciones concretas del concepto de justiciabilidad, la cual delimita el ámbito de la función judicial. Comisión Estatal de Elecciones v. Departamento de Estado, 134 DPR 927, 934 (1993). Ésta supone la existencia de un caso que presenta controversias que no son susceptibles de ser evaluadas. P.P.D. v. Gobernador I, 139 DPR 643, 675-676 (1995). En el normativo E.L.A. v. Aguayo, 80 DPR 552, 558 (1958), el Tribunal Supremo estableció que "[e]sta autoridad nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas".

El análisis del concepto "academicidad" debe estar encaminado a evaluar minuciosamente la relación existente entre los sucesos que provocaron la iniciación del pleito y la adversidad actual. Asoc. de Periodistas v. González, 127 DPR 704, 717 (1991). Ello es indispensable para comprobar la existencia de los requisitos constitucionales de "caso y

controversia" y, además, cumplir con los requerimientos jurisprudenciales de justiciabilidad. Íd.

Desde la óptica procesal de un litigio, la academicidad presupone no sólo examinar si la controversia cumple con todos los requisitos de justiciabilidad, sino que se hace indispensable evaluar si los cambios fácticos o judiciales acontecidos durante el trámite judicial tornan ficticia su solución, de manera que la adjudicación del pleito se convierta en una opinión consultiva. Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724-725 (1980). El análisis que un tribunal efectúe sobre un asunto ante su consideración debe "evaluar los eventos anteriores, concomitantes y futuros, y determinar si su condición de controversia viva y presente subsiste con el transcurso del tiempo". Pres. del Senado, 148 DPR 737, 759 (1999).

El Tribunal Supremo de Puerto Rico ha expresado en reiteradas ocasiones que "un caso se torna académico cuando su condición de controversia viva y presente sucumbe ante el paso del tiempo". Empresas Puertorriqueñas de Desarrollo, Inc. v. H.I.E.T.E.L., 150 DPR 924, 936 (2000). Con relación a este punto, nuestra más Alta Curia ha resuelto que la doctrina de academicidad requiere que exista una controversia genuina entre las partes en todas las etapas de un procedimiento adversativo, incluyendo las etapas apelativas o revisoras. Noriega v. Hernández Colón, 135 DPR 406, 437 (1994). El propósito ulterior de establecer esta limitación judicial se asienta en el hecho de evitar la utilización innecesaria de los recursos judiciales, y así soslayar pronunciamientos inmateriales sobre la cuestión que se pretende resolver. Comisión Estatal de Elecciones v. Depto. de Estado, *supra*, págs. 935-936.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción. In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR __ (2025).

**III.**

En el caso ante nuestra consideración, la Peticionaria nos solicitó que revoquemos la *Orden* emitida por el foro de instancia el 2 de diciembre de 2025, mediante la cual el foro de instancia autorizó el viaje del menor a relacionarse con su padre durante el periodo navideño en la línea aérea y bajo las preferencias del Recurrido.

En resumidas cuentas, la Peticionaria alegó que el TPI erró al: (1) resolver la controversia sin escuchar a la parte ni celebración de una vista, en violación al debido proceso de ley; (2) no tomar en consideración las circunstancias particulares del menor, incumpliendo su deber de *parens patria*; (3) incurrir en abuso de discreción, apariencia de parcialidad y consideraciones económicas, por encima del bienestar de la menor.

Asimismo, el petitorio del recurso ante nos incluye una serie de directrices acerca de cómo deberán coordinarse los futuros viajes de la menor. Específicamente, dispone que se debe cumplir con lo siguiente: (1) que el menor viaje acompañada de un adulto, ya fuera un familiar o con una azafata; (2) que se utilice el aeropuerto cercano a su residencia; y (3) los horarios y lugares específicos en los que se entregará a la menor.

A la luz del tracto procesal acaecido en el presente recurso, no existe duda alguna de que la controversia que activó nuestra autoridad adjudicativa se ha tornado académica. Veamos.

Según indicáramos previamente, una controversia no es justiciable cuando después de comenzado el pleito, hechos posteriores la convierten en académico. E.L.A. v. Aguayo, *supra*; Noriega v. Hernández Colón, *supra*. La doctrina de academicidad supone la existencia de un caso que presenta controversias que no son susceptibles de ser evaluadas. P.P.D. v. Gobernador I, *supra*. Así, la academicidad presupone no sólo examinar si la controversia cumple con todos los requisitos de justiciabilidad, sino que se hace indispensable evaluar si los cambios fácticos o judiciales acontecidos durante el trámite judicial tornan en ficticia su solución. Com. de la Mujer v. Srio. de Justicia, *supra*. Ante ello, en el análisis que un tribunal efectúe sobre un asunto ante su consideración debe "evaluar los eventos anteriores,

concomitantes y futuros, y determinar si su condición de controversia viva y presente subsiste con el transcurso del tiempo". Pres. del Senado, *supra*.

El dictamen recurrido versa sobre la coordinación entre los padres para que la menor viajara a Puerto Rico durante el periodo navideño de 2025, a saber: **del 20 de diciembre de 2025 al 2 de enero de 2026**. Además, lo cierto es que las expresiones del foro primario hacen hincapié en que las relaciones parternofiliales o la coordinación del viaje para cumplir con éstas, se llevarían a cabo conforme a lo solicitado por el padre **en esta primera ocasión**. Lo cual presupone que, en las próximas ocasiones, las circunstancias sobre el viaje de la menor pudieran ser diferentes, mediante una solicitud presentada de manera oportuna. Cabe mencionar que del propio recurso surge que la menor viajó hacia Puerto Rico, en compañía de su madre, la señora Andino Velázquez. Incluso, la Peticionaria describió unos sucesos que ocurrieron al momento de que el señor Reyes Cuadrado debía llevar a la menor al aeropuerto para su vuelo de regreso a Carolina del Norte. Por tanto, nuestra determinación respecto a la *Orden* recurrida no tendría efecto jurídico alguna, pues la misma versaba sobre la autorización de un viaje bajo una serie de condiciones que dejaron de existir.

Recordemos que un caso es académico cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, no tendrá efectos prácticos sobre la controversia existente. En consecuencia, nos corresponde abstenernos de adjudicar este caso por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, se *desestima* el recurso de *certiorari* por falta de jurisdicción, toda vez que se tornó académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones